IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ZACHARIAH KELLY,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. 2:17-cv-551-SI<br><br>**OPINION AND ORDER** |

George J. Wall, 1336 E. Burnside Street, Suite 130, Portland, OR 97214. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Zachariah Kelly ("Plaintiff") seeks judicial review of the second denial of his application

for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income

Benefits ("SSI") by the Commissioner of the Social Security Administration ("Commissioner").

PAGE 1 – OPINION AND ORDER

For the following reasons, the Commissioner's decision is reversed and remanded for calculation and payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff applied for DIB and SSI on December 2, 2010, alleging disability due to his autism, anxiety, post-traumatic stress disorder, and comprehension and communication deficits. Plaintiff alleged a disability onset date of January 19, 2010. The Commissioner denied Plaintiff's application initially on May 3, 2011, and upon reconsideration on December 7, 2011. Upon notice of the denial, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing occurred on May 9, 2013. The ALJ found Plaintiff not disabled, relying on Plaintiff's work history, the objective medical evidence, and the whole of the record evidence to find Plaintiff.

On November 11, 2013, Plaintiff submitted new evidence concerning Plaintiff's accommodations at his past relevant work. Plaintiff also submitted documents from the Oregon Department of Corrections and a psychological evaluation by Dr. Shane P. Haydon, Ph.D. Despite this new evidence, the Appeals Council denied Plaintiff's request for review on December 10, 2014. Plaintiff subsequently filed a complaint on January 7, 2015, seeking judicial review of the final decision of the Commissioner denying his DIB and SSI. This Court issued an Opinion and Order on November 25, 2015, finding that the new evidence showed that Plaintiff's previous work experience was a sheltered work environment and that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was not based on substantial evidence. The Court remanded for reformulation of the RFC in light of the new evidence.

Plaintiff received another administrative hearing, which occurred on November 22, 2016. On December 30, 2016, the second ALJ issued a decision that considered the new evidence but concluded that the evidence still did not show that Plaintiff's previous relevant work was sheltered and did not affect the underlying RFC or disability determination. The ALJ adopted

the 2013 findings in their entirety and concluded that Plaintiff was "not disabled." Plaintiff subsequently filed this claim for review of the second ALJ's decision, which is the final decision of the Commissioner.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

On remand, at step one, the ALJ found that Plaintiff had not participated in substantially gainful activity since January 19, 2010. At step two, the ALJ found that Plaintiff suffered from "an adjustment disorder with anxiety and depressed mood; fetishism (rule out pedophilia); paraphilia, not otherwise specified; and 'Asperger's syndrome.'" *Id*. At step three, the ALJ found that Plaintiff does not have any impairment or combination of impairments that meets the severity of one of the listed impairments in 12.04, 12.06, 12.08, 12.10. *Id*.

The ALJ then reviewed the new evidence—submitted after the 2013 decision—to determine its effect on the RFC. The ALJ concluded that the new evidence did not show that Plaintiff's previous employment was a sheltered work environment and did not provide any reason to change the previous RFC. Thus, the ALJ adopted the 2013 RFC in full. At step four of the analysis, based on the RFC, the ALJ found that Plaintiff was capable of his past relevant work as a food service worker.

The ALJ additionally made alternative step five findings. At step five, the ALJ found that Plaintiff's ability to perform work at all exertional levels has been compromised by nonexertional limitations. Despite these nonexertional limitations, the ALJ made alternative findings that Plaintiff was capable of performing the occupations of commercial cleaner, DOT 381.687-014, floor cleaner, DOT 381.687-018, and laundry laborer, DOT 361.687-018. The ALJ based these findings on the testimony of the Vocational Expert ("VE") who testified at the 2013 hearing. The ALJ therefore found that there were alternative occupations Plaintiff could perform given his limitations, and the ALJ thus concluded that Plaintiff was "not disabled."

**DISCUSSION**

The parties agree that the ALJ erred by finding Plaintiff's past relevant work was not a sheltered work environment at step four. Plaintiff argues that in light of this error, the RFC is not supported by substantial evidence in the record. Defendant concedes that the ALJ erred at step four but argues that the error was harmless because substantial record evidence supports the ALJ's use of the unchanged RFC. Defendant further argues that the ALJ's alternative findings in step five render any error in step four moot because they demonstrate that Plaintiff is capable of substantially gainful activity.

**A. RFC Unsupported by the Record**

The RFC is a reflection of the most Plaintiff can do despite his limitations. *See* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Although an ALJ always has a duty to develop the record, this duty is especially "important when plaintiff suffers from a mental impairment." *Kilburn v. Colvin*, 2013 WL 1189690, at *5 (W.D. Wash. Feb. 21, 2013) (quoting *Delorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991)). "All limits on work-related activities resulting from the mental impairment must be described in the mental RFC assessment." *LoPresto v. Colvin*, 2013 WL 1628727 at *10 (D. Az. Apr. 16, 2013). Not every alleged impairment results in a functional limitation, however. The ALJ is only required to include in the RFC limitations that are "attributable to medically determinable impairments." *See* SSR 96-8p at *4. Therefore, the ALJ "has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); *see* SSR 82-62; 20 C.F.R. §§ 404.1546, 416.946.

On remand, the ALJ adopted the 2013 RFC that described Plaintiff's functional limitation as:

> capable of learning, remembering and performing simple, routine
> and repetitive work tasks, involving simple work instructions,
> which are performed in a routine and predictable work
> environment, defined as one in which there is a normal production
> pace, few workplace changes, and no "over the shoulder"
> supervision. [Plaintiff] may have occasional contact with
> supervisors and coworkers, but should have minimal contact with
> the public. [Plaintiff] should have no contact with minors.

AR 831. The ALJ adopted not only the same RFC but also the entirety of the 2013 RFC discussion and analysis after concluding that Plaintiff's workplace accommodations were not significant. Defendant concedes that the conclusion that Plaintiff's workplace accommodations were not significant was error, given this Court's previous holding that the "evidence shows that Plaintiff's position at OHSU equated to a sheltered work environment," but argues that any error was harmless.

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not consider the significant accommodations that Plaintiff required when employed at OHSU. Much of the ALJ's discussion of Plaintiff's RFC in the 2013 opinion, which the ALJ adopted in full on remand, focused on the ALJ's finding that Plaintiff did not have significant accommodations while employed at OHSU. This is the very finding that this Court held to lack substantial evidence in its earlier opinion. Plaintiff notes the special schedule, special limited duties and allowances for substandard performance and bad behavior that Plaintiff was permitted during most of his time at OHSU. Plaintiff also notes that in his final years, under a new supervisor, Plaintiff was given a checklist of his duties broken down into the most basic tasks, a special structured routine, and, at one point, ten minutes per day of training for thirty days. The record contains significant evidence that, despite these accommodations, Plaintiff still regularly failed to perform his tasks—which, as a dishwasher were routine and simple—to the expected standard. *See, e.g.,* AR 372-377. These are generally the same accommodations that this Court

noted in its earlier opinion in support of the finding that Plaintiff had a sheltered work environment.

Plaintiff's testimony that he believed himself to be an effective employee, and that his most serious problems were under a specific supervisor do not alter this finding. Dr. Haydon observed that Plaintiff "has little insight into his own psychological functioning" and "is more inclined to attribute difficulties to others." AR 813. Moreover, although the OHSU Affirmative Action and Equal Opportunity (AAEO) compliance officer counseled Plaintiff's supervisor on effective communication techniques with Plaintiff, the supervisor extensively documented Plaintiff's performance shortcomings as well as her own largely unsuccessful attempts to improve communication with him. AR 372-377. The significant accommodations that Plaintiff required in his OHSU position raise questions about whether plaintiff is "capable of learning, remembering and performing simple, routine and repetitive work tasks," as the RFC current provides. In light of this Court's prior conclusion that Plaintiff was not able to perform, and would likely not have been able to keep, his job as a dishwasher without significant accommodation, the RFC is not supported by substantial evidence.

The ALJ's alternative findings at step five do not render harmless the ALJ's error in finding that Plaintiff's previous employment was a sheltered work environment. The step five alternative findings are predicated on the ALJ's determination of Plaintiff's RFC at step three, which did not take into consideration the fact that Plaintiff's relevant work experience required significant accommodations. Because the ALJ erred when determining the RFC, the ALJ's alternative findings at step five were also in error.

**B. Remand for Further Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation

PAGE 9 – OPINION AND ORDER

omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison*, 759 F.3d 995, 999 (9th Cir. 2014). The Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved. In conducting this review, the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.
>
> If the district court does determine that the record has been fully developed and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. Said otherwise, the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true. If so, the district court may exercise its

> discretion to remand the case for an award of benefits. A district
> court is generally not required to exercise such discretion,
> however. District courts retain flexibility in determining the
> appropriate remedy and a reviewing court is not required to credit
> claimant's allegations regarding the extent of their impairments as
> true merely because the ALJ made a legal error in discrediting
> their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted).

Here, the ALJ committed reversible error in failing to account for Plaintiff's sheltered work environment when calculating the RFC. Thus, the first prong of the *Garrison* credit-as-true test is met. Neither party argues that the record is not fully developed. Indeed, the Court is considering this case for the second time on the same record, which supports a finding that the record is fully developed. Thus, the second prong of the *Garrison* test is also met.

The Court next considers whether an ALJ, taking into consideration Plaintiff's significant accommodations from his previous relevant work experience, would be required to find that Plaintiff is disabled. Although Plaintiff did maintain employment at OHSU for approximately 10 years, the evidence shows that the work was sheltered, and he would not have been able to retain his employment without significant accommodations. A plaintiff working in a sheltered workshop may not have the ability to do substantial gainful activity. 20 C.F.R. §§ 404.1573(c), 416.973(c). The evidence shows that Plaintiff's only past relevant work experience required accommodations so extensive, and performance generally so substandard, that he does not have the ability to do substantial gainful activity.

> The basic mental demands of competitive, remunerative, unskilled
> work include the abilities (on a sustained basis) to understand,
> carry out, and remember simple instructions; to respond
> appropriately to supervision, coworkers, and usual work situations;
> and to deal with changes in a routine work setting. A substantial
> loss of ability to meet any of these basic work-related activities . . .
> would justify a finding of disability.

PAGE 11 – OPINION AND ORDER

SSR 85-15.

The evidence relating to Plaintiff's past employment records show that Plaintiff can not understand, carry out, and remember simple instructions. He was allowed to stop his regular duties early in order to complete his end-of-shift duties, which he regularly failed to accomplish without a special schedule—and, even with the special schedule, continued to frequently leave uncompleted. AR 314, AR 372-77. The evidence shows that Plaintiff worked more slowly than his coworkers with his manager noting that Plaintiff "continues to fail to get his work done in a timely manner . . . [h]is coworkers constantly have to help him out, more so than when anyone else works that position." AR 589. His manager was required to "make a sign that takes [Plaintiff's] job down to the very basics to remind him of the outline of the process he should be following." AR 506. Plaintiff testified to getting "mouthy" at work, AR 854, and told his case coordinator Bill West that he would occasionally "blow up," AR 254, indicating a failure to respond appropriately to supervision and coworkers. The extensively documented attempts by his manager and the OHSU AAEO to find accommodations that would allow Plaintiff to keep his job, and find a communication style that would allow his manager to effectively supervise Plaintiff further support such a finding. The ALJ noted that most of the complaints made about Plaintiff's work performance were in the final years of his employment and made by the same manager. To the extent that Plaintiff's inability to follow simple instructions and respond appropriately to supervision were associated with a specific manager, however, such evidence nevertheless demonstrates Plaintiff's poor response to changes in his work environment. Such evidence also shows that Plaintiff had not become more efficient or effective at his job in the eight years he had been employed as an OHSU dishwasher.

As the ALJ noted, Dr. Haydon's psychological evaluation of Plaintiff did not identify any functional limitations and generally corroborated the previous RFC to the extent that the ALJ concluded that Plaintiff should avoid contact with minors. Dr. Haydon did not explicitly note that Plaintiff *lacked* functional limitations, however, as his evaluation focused largely on Plaintiff's inappropriate sexual fixations. As the Court noted in its earlier opinion in this case, "Dr. Haydon's examination report does not infuse any new information into the record; rather, it restates Plaintiff's medical, criminal, and familial history without providing a novel diagnosis or recommendation." AR 903.

Because Plaintiff's only relevant work experience was sheltered, and because the evidence shows that Plaintiff cannot understand, remember, and carry out simple instructions or respond appropriately to supervision, a reformulated RFC would have to exclude work that requires "learning, remember and performing simple, routine and repetitive wok tasks." Under SSR 85-15, such a limited RFC directs a finding that Plaintiff is disabled. These facts strongly militate against remanding this matter for further proceedings, as the Commissioner has had ample opportunity to establish non-disability, and additional proceedings would cause additional delay and a waste of resources. *See Benecke v.Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.'") (citation omitted).

## CONCLUSION

Because Plaintiff has identified harmful error in the ALJ's formulation of the RFC, the Commissioner's decision is not supported by substantial evidence. Therefore, Plaintiff's request for remand (ECF 1) is GRANTED. The Commissioner's decision is REVERSED, and this case is REMANDED for immediate calculation and payment of benefits beginning on January 19, 2010.

PAGE 13 – OPINION AND ORDER

**IT IS SO ORDERED**.

DATED this 30th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge