IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACHARIAH KELLY**, | Case No. 2:17-cv-0551-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff moves for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant objects, arguing that her position was substantially justified and thus EAJA fees are not warranted. For the reasons discussed below, the Court grants Plaintiff's motion and awards EAJA fees in the amount of $6,484.23.

**EAJA STANDARD**

EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was

substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quotations and citation omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position

that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (quotation marks omitted).

Under EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Fees Act as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks attorney's fees in the amount of $6,484.23. The Commissioner argues that the Court should decline to award fees because the government's position was substantially justified. The Commissioner's entire argument is one paragraph. The Commissioner summarily

PAGE 3 – ORDER

states that although the Court found Plaintiff's sheltered work rendered the ALJ's RFC finding unsupported by substantial evidence, a reasonable person could have reached a different conclusion. The Commissioner notes that whether past relevant work was sheltered does not necessarily implicate the RFC, and that, to the contrary, it is the RFC that directs a finding as to whether a claimant can perform past relevant work. Thus, the Commissioner concludes that the ALJ's position was substantially justified.

The Commissioner had previously found Plaintiff was not disabled and Plaintiff appealed to this Court. The Court remanded, after holding that that the evidence showed that Plaintiff's previous work position equated to a sheltered work environment. On remand, the second ALJ ignored the Court's finding regarding Plaintiff's previous work position and adopted in full the first ALJ's RFC and relevant discussion, including the discussion regarding Plaintiff's previous work experience and how that work experience rendered Plaintiff capable of performing at the level prescribed in the RFC. The second ALJ found Plaintiff not disabled. The Commissioner conceded that the second ALJ erred by disregarding the Court's finding of a sheltered work environment, but argued that the error was harmless because nonetheless the RFC was supported by substantial evidence in the record. The Court disagreed, reversed, and remanded for a finding of disability and award of benefits.

The second RFC was defective not simply because Plaintiff's past relevant work was sheltered. The RFC was defective because Plaintiff was not capable of performing at the level articulated in the RFC, as evidenced in the record, particularly through the sheltered nature of Plaintiff's past relevant work. Thus, substantial evidence in the record did not support the ALJ's RFC finding. Accordingly, the Commissioner's position was not substantially justified, despite the Commissioner's summary statement otherwise. This is not a "a decidedly unusual case in

which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874. Therefore, Plaintiff is entitled to EAJA fees.

The Commissioner does not challenge the reasonableness of Plaintiff's fee request. The Court has considered the request and finds it to be reasonable.

## CONCLUSION

Plaintiff's application for attorney's fees (ECF 25) is GRANTED. Plaintiff is awarded $6,484.23 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney at 1336 E. Burnside St., Suite 130, Portland, OR 97132. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 31st day of July, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge